UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-51-B-W |
| | ) | |
| DAVID B. KINGSBURY | ) | |

**PRESENTENCE ORDER**

This Court concludes that the doctrine of *stare decisis* requires it to apply at the sentencing of the Defendant the version of the United States Sentencing Commission Guidelines in effect as of the date of the offense, not as of the date of sentencing.

**I. STATEMENT OF FACTS**

On July 12, 2005, a federal Grand Jury issued a two-count indictment against David B. Kingsbury. *Indict.* (Docket # 1). Count I alleged that from July 12, 2004 until October 25, 2004, Mr. Kingsbury engaged in the knowing transportation in interstate commerce of child pornography, a violation of 18 U.S.C. § 2252A(a)(1); Count II alleged that on October 25, 2004, he possessed child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B). *Id.* Mr. Kingsbury pleaded guilty to both counts on March 31, 2006, (Docket # 67), and the Probation Office (Probation) prepared a PreSentence Investigation Report (PSR), revised June 27, 2006. In the PSR, Probation used the 2003 version of the United States Sentencing Commission Guidelines, because the current version is more onerous. *PSR* ¶ 11.

Applying the 2003 version of the Guidelines, Mr. Kingsbury begins with a base offense level of 17 under U.S.S.G. § 2G2.2(a). *Id.* ¶ 12. Two-level enhancements under U.S.S.G. § 2G2.2(b)(1) (prepubescent minor), U.S.S.G. § 2G2.2(b)(2)(E) (distribution of child pornography), U.S.S.G. § 2G2.2(b)(5) (use of a computer), and U.S.S.G. § 2G2.2(b)(6)(A) (more than 10 but less than 150 images) increase the offense level to 25. *Id.* ¶¶ 13-16, 20. Mr.

Kingsbury is entitled to a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 for a total adjusted offense level of 22. *Id.* ¶¶ 21-22, 24. With a criminal history category of III, *id.* ¶ 33, the applicable guideline range would equal 51 to 63 months, but for the statutory minimum of 60 months under 18 U.S.C. § 2252A(b)(1), for a final range of 60 to 63 months. *Id.* ¶¶ 46-47.

If the current version of the Guidelines is applied, the base offense level is 22 under U.S.S.G. § 2G2.2(a). The same enhancements obtain, resulting in an eight-level increase to 30. Mr. Kingsbury remains eligible for a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 27. With an adjusted offense level of 27 and a criminal history category of III, the guideline range would be 87 to 108 months. If the current version of the Guidelines applies, its harsher provision would apply to conduct preceding its effective date, raising an *ex post facto* issue. U.S.S.G. Supplement to Appendix C, amendment 664 (November 1, 2004); U.S. CONST. art. I, § 9, cl. 3; U.S. CONST. art. I, § 10, cl. 1.

## II. DISCUSSION

### A. Guidelines Analysis

In accordance with federal statute, U.S.S.G. § 1B1.11(a) requires sentencing courts to use the "Guidelines Manual in effect on the date that the defendant is sentenced." *See* 18 U.S.C. § 3553(a)(4)(A)(ii) ("[T]he court . . . shall consider . . . the guidelines . . . in effect on the date the defendant is sentenced."). However, if use of the current version of the Guidelines Manual would violate the *Ex Post Facto* Clause of the United States Constitution, the court must use the version of the Manual "in effect on the date that the offense of conviction was committed." U.S.S.G. § 1B1.11(b)(1). The Guidelines themselves properly recognize that if application of the current version violates the Constitution, the version which passes constitutional muster must

be applied, thereby encouraging this Court to reach the constitutional question in order to apply the Guidelines.

**B. The *Ex Post Facto* Clause and the Guidelines**

The *Ex Post Facto* Clause of the Constitution "bars the retrospective application of laws that materially disadvantage the defendant." *United States v. Forbes*, 16 F.3d 1294, 1301 (1st Cir. 1994); *see* U.S. CONST. art. I, § 9, cl. 3; U.S. CONST. art. I, § 10, cl. 1. To determine whether an *ex post facto* concern exists, the United States Supreme Court has set forth "two critical elements . . .: first, the law 'must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.'" *Miller v. Florida*, 482 U.S. 423, 430 (1987) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). In the pre-*Booker* world, the Guidelines were held to trigger *ex post facto* concerns and the First Circuit joined others in concluding that "[f]or *ex post facto* purposes, the federal courts have assumed that . . . changes in [the Guidelines'] content should be viewed as the equivalent of statutory changes - - indeed, in some cases they are formally directed by Congress." *United States v. Lata*, 415 F.3d 107, 110 (1st Cir. 2005); *see also United States v. Booker*, 543 U.S. 220 (2005). But, after *Booker* made the Guidelines advisory, the underpinning for the *ex post facto* concern, namely, that changes in the mandatory Guidelines were "the equivalent of statutory changes," has no longer been as clear.

**C. *Stare Decisis***

The doctrine of *stare decisis* "renders the ruling of law in a case binding in future cases before the same court or other courts owing obedience to the decision." *Gately v. Massachusetts*, 2 F.3d 1221, 1226 (1st Cir. 1993). The First Circuit has observed that "there may be occasions when courts can – and should – loosen the iron grip of *stare decisis*." *United States v. Reveron*

*Martinez*, 836 F.2d 684, 687 n.2 (1st Cir. 1988). However, any departure "demands special justification." *Arizona v. Rumsey*, 467 U.S. 203, 212 (1984). Where "considerable landscaping" has changed the "contours of the law" since the last First Circuit opinion, the district court may treat the issue as one of "first impression." *Gately v. Massachusetts*, 811 F. Supp. 26, 31 (D. Mass. 1992); *Gately*, 2 F.3d at 1228. Nevertheless, until the First Circuit revokes a binding precedent, a district court within the circuit is "hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority." *Eulitt v. Me. Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004).

Pre-*Booker* First Circuit authority would compel the conclusion that in these circumstances, the *Ex Post Facto* Clause requires this Court to use the version of the Guidelines in effect at the date of the offense. However, if any case qualifies as changing "the contours of the law," *Booker* would be it and, absent intervening First Circuit case law, this Court could treat the issue as one of "first impression," despite *Lata*. It is less apparent whether the First Circuit has spoken definitively on the issue since *Booker*.

Following *Booker*, the First Circuit reiterated the *ex post facto* concern in *United States v. Cruzado-Laureano*: "The Constitutional prohibition against ex post facto laws, U.S. CONST. art. I, § 9, cl. 3, requires that a defendant be sentenced under the guidelines in effect when he committed the offense, rather than those in effect at time of sentencing, where subsequent amendments would have increased his punishment." 404 F.3d 470, 488 n.10 (1st Cir. 2005). Elsewhere in *Cruzado-Laureano*, the First Circuit referred directly to *Booker*, noted that the Guidelines were now advisory, and remanded the case for sentencing in part because *Booker* injected uncertainty in the appeals court's attempt to reconstruct the district court's sentencing decision. *Id.* at 489.

An argument can be made that the footnote in *Cruzado-Laureano* has been eclipsed. The defendant in *Cruzado-Laureano* was convicted and sentenced long before *Booker* and the First Circuit decided *Cruzado-Laureano* before *United States v. Jimenez-Beltre*, the Circuit's *en banc* decision explicating the "role the advisory guidelines should play in a post-*Booker* sentence." 440 F.3d 514, 518 (1st Cir. 2006). To analyze the *ex post facto* issue, the weight the sentencing court is required to give the Guidelines could well be significant and, when the First Circuit issued *Cruzado-Laureano*, it had not yet spoken on this potentially critical issue. Further, *Cruzado-Laureano* addressed the question in only one sentence and cited pre-*Booker* authority. Nevertheless, the *Cruzado-Laureano* footnote remains the last word from the First Circuit and it is post-*Booker*.[1] It is binding on this Court.

It is true that *Cruzado-Laureano* has been "unmistakably cast into disrepute by supervening authority," but that authority emanates from the Seventh, not the First Circuit. In *United States v. Demaree*, __F.3d__, No. 05-4213, 2006 WL 2328665 (7th Cir. Aug. 11, 2006), the Seventh Circuit noted that the Sentencing Guidelines have been "demoted from rules to advice" and concluded that since the *Ex Post Facto* Clause applies "only to laws and regulations that bind rather than advise," there is no *ex post facto* issue from retroactively applying the Guidelines in effect at the time of the sentence, even though the penalties may be harsher than they were at the time of the offense. *Id.* at *3-*4; *but see United States v. Andres*, Nos. 05-10431 & 05-10435, 2006 WL 1217890, at *4 (9th Cir. May 8, 2006) ("The sentencing took place after [*Booker*], and the district court clearly indicated that it knew the Guidelines were 'advisory.'

[1] Judge Young of this Circuit discussed the issue in *United States v. Kandirakis*, __F. Supp. 2d__, No. 04-10372, 2006 WL 2147610, at *39 (D. Mass. Aug. 1, 2006). He observed that the sentencing court is required under *Jimenez-Beltre* to give substantial weight to the Guidelines and "may not question even the unexplained policy choices of the Sentencing Commission." *Id.* (internal citation omitted). Relying on the doctrine of constitutional avoidance, Judge Young applied the version of the Manual in force at the time of the defendant's offense, not at the time of his sentencing. *Id*. Judge Young did not address the *stare decisis* question.

Because the district court determined that use of the Guidelines in effect at the time of sentencing might implicate the ex post facto clause, it properly followed U.S.S.G. § 1B1.11(b)(1) and applied the version in effect 'on the last day of the offense of conviction.'"). Whether the First Circuit finds the rationale of the Seventh Circuit convincing remains to be seen, but the First Circuit, not this Court, must be convinced.[2]

**III. CONCLUSION**

Based on *Lata* and *Cruzado-Laureano*, this Court will apply the 2003 version of the United States Sentencing Commission Guidelines at the sentencing of this Defendant.

John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of September, 2006

[2] The Seventh Circuit cites *Cruzado-Laureano* for the proposition that the First Circuit has joined others which have ruled, post-*Booker*, that the *Ex Post Facto* Clause would still be implicated if harsher penalties in the Guidelines were applied retroactively. *Demaree*, 2006 WL 2328665, at *2.